# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> vs. <br><br> BLUE SPIKE, LLC, <br><br> Defendant. | Case No. 6:16-mc-022 |

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS AND THE COURT'S INHERENT AUTHORITY**

Blue Spike's opposition brief confirms that it never had any valid legal or factual basis to oppose EFF's motion to intervene and unseal documents. Its arguments in opposition should be rejected for at least three reasons. *First*, Blue Spike ignores that fact that it expressly refused to meet and confer prior to EFF's motion. EFF and Audible Magic repeatedly urged Blue Spike to meet and confer so that we could avoid burdening the Court. Blue Spike simply refused.

*Second,* Blue Spike continues to evade the key issue: it lacked any legitimate basis for seeking to keep the records sealed. Instead, Blue Spike raises yet more *ad hominem* arguments directed at EFF. For example, it argues that an intemperate tweet somehow strips EFF of its right to access court proceedings. The First Amendment is not so fragile.

*Third*, what Blue Spike protests as "burden" is simply the ordinary operation of the court system in a free and open society. As this Court explained, if parties "wish to maintain court records under seal, [they] must show their rights to confidentiality overcome the strong competing right in public access." Order at 8 (Dkt. 106).

Blue Spike's opposition clarifies that its true objection to EFF's motion was simply that it did not want EFF to be able to review and discuss documents that should have always been available to the entire public. By forcing EFF to litigate this issue, it made access to court records dependent on expending thousand of dollars worth of attorney time. Only by awarding fees can the Court deter similar abusive conduct.

I.   ARGUMENT

   A.   **Blue Spike, Not EFF, Refused to Meet and Confer.**

This matter could easily have been resolved without burdening the Court had Blue Spike responded to EFF's repeated requests to meet and confer. EFF filed its motion to intervene and unseal on March 29, 2016 only after Blue Spike repeatedly refused requests to meet and confer

1

to resolve the issue. *See* Dkt. 90-5 at 2-13.[1] In contrast, counsel for Audible Magic successfully met and conferred with EFF, and also urged Blue Spike to do the same. *See* Dkt. 97-1. On the day EFF filed its motion, counsel for Audible Magic made one last attempt to get Blue Spike to discuss the issue so the parties could avoid burdening the Court. Dkt. 97-3 at 2. Despite being offered such a clear way forward, Blue Spike did not even respond to this message. *See* Ramsey Decl. ¶3, Dkt. 97-1. This refusal was particularly unjustified because, as we later learned, only Audible Magic had any confidential information in the relevant documents.

Rather than address these facts, Blue Spike misleadingly cites to an email exchange from April 19, 2016, which arose in a very different context. *See* Opp'n at 4-5. On April 18, 2016, this Court granted EFF's motion to intervene and directed the parties to respond to arguments regarding unsealing in EFF's already-filed motion. *See* Order at 3-4 (Dkt. 95). The next day, at the request of the Clerk of the Court, EFF submitted a proposed order limited to the unsealing aspect of the previously-filed motion. *See* Second Lemley Decl. at ¶ 3, Exhibit A. Blue Spike belatedly complains that EFF did not meet and confer regarding this proposed order, even going as far as accusing EFF of violating Civil Local Rule 7. *See* Opp'n at 4. But this ignores that fact that the motion to unseal had *already been filed* and, as EFF noted in its courtesy email to Blue Spike, the proposed Order was submitted in response to a direct request from the Court. *See* Case No. 6:16-mc-22, Dkt. 4-3. This Court has no separate rule requiring a new meet and confer before filing a proposed order implementing the Court's rulings. Blue Spike could have proposed the parties work toward resolution. It did not. Blue Spike never asked EFF to meet and confer, despite having every opportunity both before and after that motion was filed. Indeed, if Blue

---

[1] Unless otherwise noted, all docket entries refer to *Blue Spike LLC v. Audible Magic Corp.*, No. 6:15-cv-584 (E.D. Tex.) (previously consolidated). *See* Severance Order, Dkt. 142 (severing EFF's Motion for Sanctions from the underlying action).

Spike had simply informed EFF and Audible Magic—at any point—that it had no confidential information in the relevant documents, the motion would have been quickly and easily resolved.

### B. Blue Spike's Opposition Confirms That It Had Never Had Any Basis For Seeking to Keep Court Documents Sealed.

In its brief, Blue Spike makes no effort to defend any argument on the merits of the unsealing, or to justify opposing unsealing when it now admits it never had any confidential documents at all. Instead, Blue Spike doubles down on its strategy of lashing out at EFF. None of its accusations, even if they were true, have any relevance to the issues at hand. Rather, Blue Spike's brief provide yet another example of its frivolous and wasteful litigation conduct and confirms that an award of fees is appropriate.

Blue Spike's opposition brief consists almost entirely of irrelevant and hyperbolic accusations. For example:

- It claims that EFF "makes no secret of its cabal to eliminate all software patents." Opp'n at 1.

- It contends that an EFF staff member once tweeted an allegedly "slanderous comment" about Blue Spike's principal. *Id.* at 3.

- It describes a five-year-old, court-ordered *cy pres* award as a "bloodstain." *Id.* at 4.

- It claims that EFF is "Google's wolf wearing First Amendment sheep's clothing." *Id.* at 10.

Blue Spike does not explain how any of these allegations would permit it to keep court records from EFF or any other member of the public. For example, Blue Spike does not cite any legal authority suggesting that only supporters of software patents are entitled to access court documents. Similarly, Blue Spike cites no legal authority suggesting that an organization loses its First Amendment rights if an employee writes an impolite (though not, as Blue Spike asserts, slanderous) tweet. The First Amendment right of access to courts does not apply only to those

3

who agree with the litigants. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978) (recognizing "a general right" to inspect court records). Indeed, the right to access judicial documents and proceedings exists precisely so that the media and the public at large can understand and comment on litigation. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595-96 (1980).

Blue Spike's aspersions regarding EFF's purported connections to Google are also incorrect. EFF received a *cy pres* award from a federal court in 2011 that was funded by a litigation settlement against Google. Much more recently, EFF filed an FTC complaint *against* Google alleging violations of student privacy. *See EFF v. Google*, Complaint and Request for Investigation, Injunction and Other Relief, at https://www.eff.org/document/ftc-complaint-google-education. Neither of these facts has any relevance to this case. The entire public—including EFF, Google, or anyone else—is entitled to inspect non-confidential court documents.

Finally, Blue Spike cannot distinguish *In re Violation of Rule 28(D)*, 635 F.3d 1352 (2011). If anything, Blue Spike's conduct in this case was worse. The attorney in *In re Violation of Rule 28(D)* sought to seal parts of briefs in that case without any reasonable basis. *See* 635 F.3d at 1355. Contrary to Blue Spike's suggestion, the Federal Circuit did not rely on the fact that the attorney "knowingly" designated material that was not confidential. *See* Opp'n at 7. Indeed, the word "knowingly" does not even appear in the decision. Rather, the Federal Circuit held that "[n]o good faith reading" of the relevant standard could have supported sealing. *In re Violation of Rule 28(D)*, 635 F.3d at 1360. That is exactly what occurred here. In this case, Blue Spike endeavored to keep almost the entire docket from the public, despite not have any confidential information at all in those documents. Blue Spike has still not, despite multiple opportunities, suggested that it ever had any good faith basis to claim confidentiality.

### C. Blue Spike's Burden Argument Makes No Sense Because It Admits It Had No Confidential Information in the Now-Unsealed Documents.

Blue Spike conflates its responsibilities with those of Audible Magic when it suggests that having to review documents would be "daunting" because "Audible Magic, right or wrong, had designated a majority of its documents under the Protective Order as 'confidential,' 'highly confidential,' or 'outside attorneys' eyes only.'" Opp'n at 1. Neither EFF nor Audible Magic have ever suggested that Blue Spike should be responsible for identifying which parts of the documents contained *Audible Magic*'s confidential information. That was Audible Magic's responsibility, and one it quickly agreed to undertake. Since Blue Spike had no confidential information whatsoever in the relevant documents, its task was minimal at best. Indeed, Audible Magic engaged in the process of redacting entirely without input from Blue Spike, after Blue Spike ignored requests to work with Audible Magic. *See* Dkt. 108 at 5.

Furthermore, what Blue Spike describes as "burden" is merely one of the basic responsibilities of litigants in the United States court system. The law on sealing is clear: a proponent of sealing must show that sealing serves "an overriding interest" and "is narrowly tailored to serve that interest." *United States v. Edwards*, 823 F.2d 111, 115 (5th Cir. 1987). Blue Spike may find the strong presumption in favor of open court proceedings burdensome, but that is no excuse for it to evade its responsibilities. Indeed, it is Blue Spike that burdened EFF and this Court with entirely unnecessary opposition to unsealing documents that it never had any basis to keep from the public.

## II. CONCLUSION

EFF respectfully requests that the Court grant its motion for sanctions.

Dated: August 12, 2016

Respectfully submitted,

By: /s/ Mark A. Lemley
Mark A. Lemley (admitted E.D. Tex.)
(CA Bar No. 155830)

5

        DURIE TANGRI, LLP
        217 Leidesdorff Street
        San Francisco, CA 94111
        Telephone: (415) 362-6666
        mlemley@durietangri.com

        Vera Ranieri (admitted E.D. Tex.)
        (CA Bar No. 271594)
        ELECTRONIC FRONTIER FOUNDATION
        815 Eddy Street
        San Francisco, CA 94114
        Telephone: (415) 436-9333
        vera@eff.org


        Attorneys for Plaintiff-Intervenor
        Electronic Frontier Foundation

**CERTIFICATE OF SERVICE**

      I, Mark A. Lemley, hereby certify that on August 12, 2016 the forgoing document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

      By: /s/ Mark A. Lemley
            Mark A. Lemley